[Cite as *State v. Fish*, 2020-Ohio-254.]

STATE OF OHIO        )          IN THE COURT OF APPEALS
                     )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO

    Respondent                    C.A. No.      29554

    v.

DALE H. FISH                       ORIGINAL ACTION IN
                                   MANDAMUS

    Relator


Dated:  January 29, 2020

---

PER CURIAM.

{¶1}    Dale H. Fish has filed a complaint asking this Court for a writ of mandamus directed to Judge Alison Breaux, who presided over his criminal case, and Summit County Clerk of Courts Sandra Kurt, apparently seeking an order to hold a hearing on his motion for a new trial.  The respondents moved to dismiss on several bases, including that Mr. Fish failed to comply with the mandatory requirements of R.C. 2969.25.  Because Mr. Fish has not complied with those mandatory requirements, this Court must dismiss this case.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  The judge who is presiding over Mr. Fish's case and the clerk of courts are government employees; Mr. Fish, incarcerated in the Allen Correctional Institution, is an inmate.  R.C. 2969.21(C) and (D).  A case must

be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Fish did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Fish did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Mr. Fish also failed to comply with R.C. 2969.25(A) which requires the filing of an affidavit of prior civil actions including specific, mandatory, information.

{¶4} Because Mr. Fish did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Fish.

{¶5} Although this Court must dismiss this case, there is one other matter that must be addressed. Mr. Fish recently filed an additional document, titled "Delayed Request for Leave," in his mandamus case. That document seems to be a motion for delayed appeal pursuant to App.R. 5. It appears that Mr. Fish has attempted to convert his mandamus action into an appeal, but he cannot invoke this Court's appellate jurisdiction in a case involving this Court's original jurisdiction. For Mr. Fish to appeal, he would need to comply with the requirements of App.R. 4 and, if applicable, App.R. 5(A). He cannot, however, convert his original action into an appeal.

**{¶6}** The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DALE H. FISH, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.